Nathan G. Steele, OSB No. 004386
THE STEELE LAW FIRM, P.C.
125 NW Greeley Avenue
Bend, OR 97703
Telephone: (541) 647-1812
Facsimile: (541) 647-1814
Email: ngs@steelefirm.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CYNTHIA F. TISHER**, individually, and **J. L. T.**, a minor, by and through his guardian ad litem, Cynthia F. Tisher,<br><br>Plaintiffs,<br><br>v.<br><br>**THE BOEING COMPANY**, a foreign business corporation, **SPIRIT AEROSYSTEMS**, **INC**., a foreign business corporation, **QUIK TEK MACHINING, LLC**, a foreign limited liability company, and **ALASKA AIRLINES**, **INC**., a foreign business corporation,<br><br>Defendants. | Case No. 3:25-cv-01984-SI<br><br>PLAINTIFFS' REPLY TO ALASKA AIRLINES, INC.'S RESPONSE TO PLAINTIFF'S' ALTERNATIVE REQUESTS FOR TRANSFER IN RESPONSE TO JURISDICTIONAL MOTIONS TO DISMISS (Dkt. 42, 44, 47) |

## I. INTRODUCTION

Defendant Alaska Airlines, Inc.'s ("Alaska") Response substantially narrows the remedial issues before the Court. Alaska expressly agrees that, if personal jurisdiction is lacking as to any defendant, transfer rather than dismissal is the appropriate remedy, and it further agrees that the Western District of Washington is an available transferee forum for at least some defendants. Those concessions are consistent with the governing transfer statutes and with Plaintiffs'

alternative request for relief.

What remains is Alaska's attempt to impose a categorical rule requiring transfer of the entire action and foreclosing any defendant-specific remedial analysis.[1] That position fails for three independent reasons. It finds no support in the governing transfer statutes, it conflicts with the Court's discretion to address jurisdictional defects on a defendant-by-defendant basis, including through severance under Federal Rule of Civil Procedure 21, and it is procedurally unavailable to Alaska itself. Alaska waived any objection to personal jurisdiction or venue by answering the First Amended Complaint and by expressly conceding that this Court has personal jurisdiction over it. Having done so, Alaska cannot invoke jurisdictional uncertainty affecting other defendants to compel transfer of the claims against it, nor can it insist on a uniform remedy divorced from the distinct procedural posture of each defendant.

Nothing in Plaintiffs' alternative request concedes that personal jurisdiction is lacking as to any defendant; it addresses only the appropriate remedy if the Court were to reach that conclusion as to a particular defendant. Plaintiffs continue to maintain that this Court may properly exercise personal jurisdiction over each defendant; the discussion that follows addresses only the appropriate remedy if the Court were to conclude otherwise.

## II. GOVERNING LEGAL PRINCIPLES

### A. Transfer, Not Dismissal, Is Required Where Dismissal Would Cause Limitations Prejudice

Section 1631 provides that when a court finds a "want of jurisdiction," it shall transfer the action to a court in which it could have been brought, if transfer is in the interest of justice, and the

---

[1] Alaska's assumption that Washington is the appropriate forum for Defendant The Boeing Company is difficult to reconcile with Boeing's own pleading in a related federal action arising from the same aviation incident, in which Boeing alleged that it is authorized to do business in Oregon and does business in Oregon. See *Kwok v. The Boeing Co.*, Case No. 3:24-cv-00489-IM (D. Or.), Dkt. 16 ¶ 5. Alaska's categorical, Washington-only remedial framework therefore rests on a premise that is not uniformly reflected in the parallel litigation record.

action proceeds as if filed on the original date. 28 U.S.C. § 1631. Section 1406(a) independently authorizes transfer "in the interest of justice" rather than dismissal when a case is filed in the wrong district.

Both statutes are remedial. Their core purpose is to prevent timely filed claims from being forfeited through jurisdictional or venue defects; particularly, where dismissal would function as a dismissal with prejudice due to statutes of limitation. Courts repeatedly emphasize that transfer, not dismissal, is favored where dismissal would be "time-consuming and justice-defeating." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

Here, the record already establishes that dismissal would extinguish Plaintiffs' claims as a practical matter. Plaintiffs timely filed their claims. Defendants sought and obtained extensions that carried briefing past the limitation's deadline. The statute expired while the motions were pending. Alaska does not meaningfully dispute this prejudice. Under these circumstances, if the Court finds any jurisdictional defect, transfer is required in the interest of justice.

**B. Section 1631 Applies to Lack of Personal Jurisdiction**

Alaska does not dispute that § 1631 applies to defects in personal jurisdiction. That concession is correct. Courts consistently interpret "want of jurisdiction" to include lack of personal jurisdiction, and they apply § 1631 to transfer cases rather than dismiss them when jurisdiction is lacking and transfer would preserve adjudication on the merits. Accordingly, the operative question is not whether transfer is authorized, but how the transfer remedy should be implemented in light of each defendant's procedural posture.

**C. The Court Retains Discretion to Sever Where Necessary to Prevent Prejudice**

Rule 21 authorizes a court to sever claims or parties "at any time, on just terms." Severance is a case-management and remedial tool, not an extraordinary measure. Plaintiffs do not seek severance as a preference. They invoke it only as a contingency if the Court concludes that whole-case transfer to a single forum is not feasible as to all defendants without recreating a jurisdictional

defect or forcing dismissal of timely claims.

Nothing in § 1631 or § 1406(a) requires an all-or-nothing approach. Both statutes ask whether the chosen remedy serves the interest of justice, which necessarily depends on the procedural posture of each defendant. Nor do the transfer statutes restrict the Court's authority under Rule 21 to sever parties prior to transfer. Courts routinely employ severance as a procedural mechanism to ensure that transfer is tailored to the jurisdictional posture of each defendant. The transfer statutes do not displace Rule 21; they operate in tandem with it to permit remedies that serve the interest of justice in the particular case presented.

## III. ALASKA HAS WAIVED ANY JURISDICTIONAL OR VENUE-BASED BASIS FOR TRANSFER

Alaska's Response proceeds as if it stands in the same procedural posture as defendants who preserved objections to personal jurisdiction or venue. It does not. Alaska answered the First Amended Complaint without moving to dismiss for lack of personal jurisdiction or improper venue and expressly stated that it does not contest that this Court has specific personal jurisdiction over it. *See* Defendant Alaska Airlines, Inc.'s Answer to Amended Complaint ¶¶ 11(d), 16 (Dkt. 25). Alaska did not assert lack of personal jurisdiction or improper venue as affirmative defenses. Under Federal Rule of Civil Procedure 12(h)(1), those defenses are therefore waived. That waiver is dispositive as to Alaska's ability to invoke any jurisdictional or venue defect as a basis to compel transfer of the claims against it.

Sections 1631 and 1406(a) presuppose the existence of a jurisdictional or venue defect as to the party invoking them. Alaska has conceded that no such defect exists here. Having voluntarily submitted to this Court's jurisdiction and venue, Alaska cannot now rely on speculative jurisdictional issues affecting other defendants to compel transfer of the claims against it.

Nor may Alaska accomplish indirectly what Rule 12(h) prohibits directly. Allowing a defendant who has waived jurisdiction and venue objections to force a different forum by piggybacking on

other defendants preserved objections would undermine the waiver framework established by the Federal Rules and distort the orderly sequencing of jurisdictional defenses. Nothing in § 1631, § 1406(a), or Rule 21 authorizes that result. Alaska's waiver therefore forecloses its request in two independent respects:

> (1) Alaska lacks any jurisdictional or venue defect that would justify transfer of the claims against it; and

> (2) Alaska's procedural posture confirms that defendant-specific remedial analysis is required, not prohibited, if the Court's jurisdictional rulings differ among defendants.

## IV. ALASKA'S CATEGORICAL "WHOLE-CASE TRANSFER ONLY" RULE IS UNSUPPORTED AND INTERNALLY INCONSISTENT

Even setting waiver aside, Alaska's proposed categorical rule finds no support in the transfer statutes or in Alaska's own authorities. Alaska argues that severance should be rejected because it could result in duplication or inconsistent outcomes. Yet, Alaska simultaneously concedes that it is "unclear" whether the Western District of Washington could exercise personal jurisdiction over Defendant Quik Tek Machining LLC. As a fallback, Alaska proposes either dismissing Quik Tek while transferring the remaining defendants or transferring all defendants and relitigating jurisdiction in Washington.

That position is inconsistent with Alaska's remedial proposal, which itself contemplates fragmentation and duplication, albeit in a different procedural configuration. Section 1631 does not require the most administratively efficient outcome in the abstract; it requires a remedy that serves the interest of justice in the circumstances presented. A categorical, all-or-nothing transfer rule could recreate jurisdictional uncertainty in the transferee forum and jeopardize timely claims, contrary to the statute's remedial purpose.

None of the cases Alaska cites establishes a rule prohibiting severance. At most, those decisions confirm that severance is a discretionary, fact-specific determination entrusted to the

Court. Plaintiffs do not dispute that principle. Rather, the critical point is that the Court must retain the ability to tailor the remedy to the jurisdictional posture actually presented, particularly where severance may be necessary to avoid waiver, statute-of-limitations prejudice, or inconsistent defendant-specific jurisdictional outcomes. The Court's remedial authority is flexible, and the Federal Rules are designed to prevent inequitable forfeiture in circumstances such as these.

## V. PRACTICAL REMEDY FRAMEWORK

To streamline decision-making and minimize post-order motion practice, Plaintiffs request that the Court adopt the following framework:

1. If the Court finds personal jurisdiction exists as to all defendants: deny the jurisdictional motions and proceed in this Court.

2. If the Court finds personal jurisdiction lacking as to any defendant and dismissal would cause limitations prejudice: order transfer under § 1631 and/or § 1406(a), rather than dismissal.

3. If the Court determines that whole-case transfer to a single forum is not feasible as to all defendants (including because jurisdiction is uncertain or lacking as to a subset): exercise discretion to sever as necessary to preserve timely claims and avoid inequitable forfeiture.

This approach honors Rule 12(h) effectuates the remedial purpose of the transfer statutes and preserves adjudication on the merits. Alaska agrees that transfer, rather than dismissal, is appropriate if this Court finds a jurisdictional defect. Alaska has also waived any personal-jurisdiction or venue objection as to itself. Against that backdrop, Alaska's demand for a categorical, whole-case transfer is inconsistent with the governing procedural framework and the statutory interest-of-justice standard.

## VI. CONCLUSION

Alaska has waived any objection to personal jurisdiction or venue as to itself, and agrees that transfer, rather than dismissal, is the appropriate remedy if the Court finds a jurisdictional defect. The transfer statutes are remedial and are designed to prevent forfeiture of timely claims.

Accordingly, the Court should reject Alaska's demand for a categorical, whole-case transfer and instead apply a defendant-specific, interest-of-justice analysis consistent with Federal Rule of Civil Procedure 12(h), Rule 21, and 28 U.S.C. §§ 1631 and 1406(a).

DATED: February 11, 2026.

THE STEELE LAW FIRM, P.C.

*/s/ Nathan G. Steele*
Nathan G. Steele, OSB No. 004386
125 NW Greeley Ave.
Bend, Oregon 97703
Telephone: 541-647-1812
Email: ngs@steelefirm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing, and served via email, to the persons listed below:

***Attorneys for Defendant's Quick Teck Machining, LLC.***

Evelyn E. Winters
Vanessa G. Aaron
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
805SW Broadway, Suite 2460
Portland, Oregon 97205
william.katt@wilsonelser.com
evelyn.winters@wilsonelser.com
vanessa.aaron@wilsonelser.com
rachel.swords@wilsonelser.com
nacole.dijulio@wilsonelser.com
maureen.dargle@wilsonelser.com
christian.bishop@wilsonelser.com
kaley.nelson@wilsonelser.com

***Attorneys for Defendant Boeing Company***

Alletta Brenner
Christohper Ledford
Mack Shultz
PERKINS COIE LLP
1120 NW Couch 10th Fl
Portland OR 97209
abrenner@perkinscoie.com
cledford@perkinscoie.com
mshultz@perkinscoie.com
sbilger@perkinscoie.com
ediffley@perkinscoie.com
jpeterson@perkinscoie.com

***Attorneys for Defendant Spirit Aerosystems, Inc.***

Diane Wilson
FOX ROTHSCHILD
101 Park Ave, 17th Floor New York, NY 10178
dwilson@foxrothschild.com
Jeanne F. Loftis
Victoria Baker
BAKER STERCHI
2100 Westlake Ane N., Ste 206
Seattle, WA 98109
jeanne.loftis@bakersterchi.com
pnwservice@bakersterchi.com
victoria.baker@bakersterchi.com

***Attorneys for Defendant Alaska Airlines, Inc.***

Caryn Geraghty Jorgensen
Brett MacIntyre
John Fetters
Jennifer
Seeley Linda
Wheeler
Wendy Cates
STOKES LAWRENCE, P.S.
1400 5th Ave, Ste 3000
Seattle, WA 98101
caryn.jorgensen@stokeslaw.com
brett.macintyre@stokeslaw.com
john.fetters@stokeslaw.com
jennifer.seeley@stokeslaw.com
linda.wheeler@stokeslaw.com
wendy.cates@stokeslaw.com

      THE STEELE LAW FIRM, P.C.

      */s/ Nathan G. Steele*

      Nathan G. Steele, OSB No. 004386
      *Attorney for Plaintiffs*